EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Michelle Swetland                          :
1315 Bruce Road                            :
Oreland, PA  19075                         :          2012-08832
                    Plaintiff              :
                                           :
Vs.                                        :
PHILIPS AND COHEN                          :
AND ASSOCIATES                             :
1002 JUSTISON STREET                       :
WILMINGTON, DE 19801                       :          Jury Trial Demanded
and                                        :
John Does 1-10                             :
and                                        :
XYZ Corporations,                          :
                    Defendant(s)           :

**NOTICE**

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

MAIL RECEIVED
MONT...... ...TY

2012 APR 12  A 8: 40

Michelle Swetland                     :
1315 Bruce Road                       :
Oreland, PA  19075                    :
          Plaintiff     :
Vs.                                   :
PHILIPS AND COHEN                     :       2012-08832
AND ASSOCIATES                        :
1002 JUSTISON STREET                  :
WILMINGTON, DE 19801                  :
and                                   :       Jury Trial Demanded
John Does 1-10                        :
and                                   :
XYZ Corporations,                     :
        Defendant(s)    :

## COMPLAINT

### INTRODUCTION

1.  This is a lawsuit for damages brought by an individual consumer for Defendant(s)'

    alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.

    (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt

    Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA).





2012-08832-0002
4 12 2012 9:40:50 AM
Complaint In
Receipt = Z1-496187          Fee    $0.00
Mark Levy - Montgomery County Prothonotary

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5. A substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is Michelle Swetland, an adult individual with a current address of 1315 Bruce Road, Apartment B, Oreland, PA 19075.

8. Defendant is PHILIPS AND COHEN AND ASSOCIATES, a business entity engaged in the practice of debt collection throughout the United States, with a business address including but not limited to 1002 JUSTISON STREET, WILMINGTON, DE 19801.

9. Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

10. Defendants may include X,Y,Z Corporations, business entities whose names and *identities* are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

## COUNT ONE:  VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

11. The previous paragraphs are incorporated by reference and made a part of this complaint.

12. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

14. 47 U.S.C. § 227(b) states in pertinent part:

> (b) Restrictions on use of automated telephone equipment
> (1) **Prohibitions**
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice---
> ***
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>
> (3) **Private right of action**
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State---

(A) an action based on a violation of this subsection or the
regulations prescribed under this subsection to enjoin such
violation,
(B) an action to recover for actual monetary loss from such a
violation, or to receive $500 in damages for each such
violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly
violated this subsection or the regulations prescribed under
this subsection, the court may, in its discretion, increase the
amount of the award to an amount equal to not more than 3
times the amount available under subparagraph
(B) of this paragraph.

15. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and
prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are
permitted only if the calls are made with the "prior express consent" of the called party. *In
the Matter of Rules and Regulations Implementing the Telephone Consumer Protection
Act of* 1991 *("FCC Declaratory Ruling"),* 23 F.C.C.R. 559, 23 FCC Rcd. 559,43
Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

16. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the
wireless number was provided by the consumer to the creditor, and that such number was
provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling,* 23
F.C.C.R. at 564-65 (10).

17. According to findings by the Federal Communication Commission ("FCC"), the agency
Congress vested with authority to issue regulations implementing the TCP A, such calls are
prohibited because, as Congress found, automated or prerecorded telephone calls are a
greater nuisance and invasion of privacy than live solicitation calls, and such calls can be
costly and inconvenient. The FCC also recognized that wireless customers are charged for

incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling, 23* F.C.C.R. at 565 (10).

19. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

20. At a certain time, prior to 2012, Plaintiff's father engaged in a consumer credit transaction which was the subject of Defendant's collection activity.

21. Plaintiff's father passed away and Plaintiff's father's account  went into collections, and the account was referred to Defendant(s) for the purpose of collection.

22. At no time did Plaintiff provide Defendant(s) with Plaintiff's cell phone number.

23. At no time did Plaintiff provide the original alleged creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

24. Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received one or more calls from Defendant on Plaintiff's cellular phone.

25. At no time did Plaintiff's father provide or furnish Plaintiff's cell phone number to the original alleged creditor.

26. At no time did Plaintiff's father provide or furnish Plaintiff's cell phone number to Defendant.

27. It is believed and averred that Defendant(s) used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls.

28. It is believed and averred that one or more of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

29. 47 U.S.C. § 227(b)(1)(A) defined an "automatic dialing system" as follows.


   (a) Definitions
   As used in this section -
   (1) The term "automatic telephone dialing system" means
   equipment which has the capacity -
   (A) to store or produce telephone numbers to be called, using
   a random or sequential number generator; and
   (B) to dial such numbers.


30. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

31. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

32. The complained of telephone calls did not constitute calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. During the transaction that resulted in the alleged debt owed, Plaintiff did not provide a wireless or cellular number to Defendant, nor otherwise provide express consent to receive automated calls by Defendant on Plaintiff's cellular telephone.

34. During the transaction that resulted in the alleged debt owed, Plaintiff's father did not provide a wireless or cellular number to Defendant, nor otherwise provide express consent to receive automated calls by Defendant on Plaintiff's cellular telephone.

35. Plaintiff did not provide "express consent" allowing Defendant, or the original creditor to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

36. Plaintiff did not list Plaintiff's cellular phone number in or on any documents at any time during the transaction that resulted in the Purported Debt.

37. Plaintiff's father did not list a cellular phone number in or on any documents at any time during the transaction that resulted in the Purported Debt.

38. Plaintiff did not verbally provide Defendant(s), or any other party, with a cellular phone number at any time during the transaction that resulted in the Purported Debt, or thereafter.

39. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

40. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

41. Plaintiff believes and avers that Plaintiff received no less than 9 automated calls on Plaintiff's cell phone from Defendant(s), and probably more that came in, but Plaintiff was not able to document.

## COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,

### 15 USC 1692 f, et. seq.

42. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

43. Plaintiff's father was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

44. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

45. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff's father.

46. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

47. By violating TCPA, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

## LIABILITY

48. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

49. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

50. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

51. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

52. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

53. Any mistake made by Defendant would have included a mistake of law.

54. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

55. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

56. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

57. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k.

58. Plaintiff believes ad avers that Plaintiff is entitled to at least $500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA.

59. Plaintiff believes and avers that there was at least 9 separate automated telephone calls from Defendant(s) to Plaintiff's cell phone, thereby warranting $4,500 in statutory damages.

60. Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

61. For purposes of a default judgment, Plaintiff believes and avers that the value of such distress is no less than $5,000.00.

62. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

63. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

64. Plaintiff's attorney fees of $1,750 at a rate of $350.00 per hour, are enumerated below.

a. Consultation with client                                          1

b. Drafting, editing, review, filing
   and serving complaint and related documents         2

c. Follow up With Defense                                        2
                                                                    _____
                                                                    4    x $350 = $1,750

65. Plaintiff's attorney fees continue to accrue as the case move forward.

66. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

67. The previous paragraphs are incorporated by reference and made a part of this Complaint.

68. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

69. Plaintiff seeks injunctive relief barring further unlawful collection activity.

70. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

71. Plaintiff requests a jury trial in this matter.

72. Plaintiff requests leave to ad additional statutory damages for additional TCPA claims learned of in the future through discovery.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $12,251.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$1,000.00 statutory damages under the FDCPA

$4,500 statutory damages under TCPA

$1,750.00 attorney fees

$5,000 emotional distress

_____

$12,251

Plaintiff seeks such other relief as the Court deems just and fair.

Vicki Piontek

4-10.2012

_____        _____
Vicki Piontek, Esquire               Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Michele Swetland      :
1315 Bruce Road       :
Oreland, PA  19075      :
      Plaintiff   :
Vs.           :
PHILIPS AND COHEN     :
AND ASSOCIATES      :
1002 JUSTISON STREET    :
WILMINGTON, DE 19801    :    Jury Trial Demanded
and            :
John Does 1-10       :
and            :
XYZ Corporations,      :
     Defendant(s)  :

## VERIFICATION

I, Michele Swetland, have read the attached complaint. The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.


_Michele Swetland_   _4/5/12_
Michele Swetland     Date

## NOTIFICATION OF REGULATORY BODY COMPLAINT

Name of Regulatory Body Filing Complaint:

_Common Pleas of Montgomery County, Pa_

Vendor Name: _Phillips & Cohen Associates_

Recoverer/AKA: _PCA_

Collectors Name: _Tiffany Spencer, Jenea Adams_

(Name of person who is currently working the account or name of person the allegation is against).

Date Vendor Notified of Complaint: _4-18-12_

Vendor Contact Name: _Erica Roebuck, Sherrie Campbell_

Contact phone#: _800-462-0362_

Customer Name: _Lovis S. Swelland_

Customer Account Number: _5520 8100 2058 5206_

Customer S.S.N: _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_

NATURE OF COMPLAINT: _Alledged violation for Calling a Cell phone without permission_

**DO NOT CLOSE AND/OR RETURN ACCOUNT – DO NOT MOVE/CHANGE STATUS ON ACCOUNT UNTIL INSTRUCTED BY YOUR VENDOR MANAGER**

PLEASE ATTACH
- COPY OF THE VENDOR'S RESPONSE
- COPY OF LETTER/NOTICE FROM REGULATORY BODY OR ATTORNEY(S)
- BRIEF SUMMARY FROM COLLECTOR(S) INVOLVED.
- COPY OF COLLECTION NOTES FROM SYSTEM (screen prints),
- ACTIVITIES SURROUNDING ACCUSATION/ALLEGED VIOLATION

EXHIBIT "B"

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5940
Fax:    (908) 751-5944
Attorneys for Defendant, Phillips and Cohen and Associates

| | |
|---|---|
| MICHELLE SWETLAND, ) <br> ) <br>              Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PHILLIPS AND COHEN AND ) <br> ASSOCIATES, ) <br> ) <br> and ) <br> ) <br> JOHN DOES 1-10, ) <br> ) <br>  and ) <br> ) <br> XYZ Corporations, ) <br>              Defendants. ) | **COURT OF COMMON PLEAS** <br> **COUNTY OF MONTGOMERY** <br> **COMMONWEALTH OF PENNSYLVANIA** <br> **CIVIL ACTION-LAW** <br><br> **Case No.: 2012-08832** <br><br> **NOTICE OF FILING OF** <br> **NOTICE OF REMOVAL TO THE** <br> **UNITED STATES DISTRICT COURT** <br> **EASTERN DISTRICT OF** <br> **PENNSYLVANIA** |

TO:    Clerk of the Court
       United States District Court
       Eastern District Pennsylvania
       601 Market Street, Room 2609
       Philadelphia, PA 19106-1797

       Prothonotary Office
       Court of Common Pleas
       Montgomery County Courthouse
       Sweed and Airy Streets
       P.O. Box 311
       Norristown, PA 19404-0311

       Vicki Piontek, Esq. (83559)
       951 Allentown Road
       Lansdale, PA 19446
       Tel: (877) 737-8617
       Fax: (866) 408-6735
       Email: palaw@justice.com
       Attorney for Plaintiff
       Michelle Swetland

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Eastern District of Pennsylvania. Attached hereto as Exhibit "1" is a copy of the Notice of Removal filed in the United States District Court effecting such removal.

PLEASE TAKE FURTHER NOTICE that in accordance with 28 U.S.C. § 1446(d), the Court of Common Pleas, County of Montgomery, Commonwealth of Pennsylvania, shall proceed no further in this action unless and until the action is remanded by the United States District Court for the Eastern District of Pennsylvania.

Dated: May 4, 2012

Respectfully submitted,

Aaron R. Easley, Esq. (73683)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Phone: (908) 751-5940
Fax: (908) 751-5944
aeasley@sessions-law.biz
Attorney for Defendant
Phillips and Cohen and Associates, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May 2012 a copy of the foregoing **Notice of Filing of Notice of Removal to the United States District Court for the Eastern District of Pennsylvania** was served by Federal Express upon the Clerk of the Court and via regular mail upon counsel for plaintiff:

Clerk of the Court
United States District Court
Eastern District Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

Prothonotary Office
Court of Common Pleas
Montgomery County Courthouse
Sweed and Airy Streets
P.O. Box 311
Norristown, PA 19404-0311

Vicki Piontek, Esq. (83559)
951 Allentown Road
Lansdale, PA 19446
Tel: (877) 737-8617
Fax: (866) 408-6735
Email: palaw@justice.com
Attorney for Plaintiff
Michelle Swetland

By: _____

Aaron R. Easley, Esq.
Attorney for Defendant
Phillips and Cohen and Associates, Ltd.