UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE SWETLAND,<br><br>    Plaintiff,<br><br>v.<br><br>PHILLIPS AND COHEN AND ASSOCIATES,<br><br>and<br><br>JOHN DOES 1-10,<br><br> and<br><br>XYZ Corporations,<br><br>    Defendants. | Civil Action No.: 2:12-cv-02474-GP |

**DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD.'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

NOW COMES the Defendant Phillips & Cohen Associates, Ltd. ("PCA") (*improperly named as Phillips and Cohen and Associates*), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

<u>**INTRODUCTION**</u>

1. PCA admits that plaintiff purports to bring an action for damages under the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but denies any and all damages, liability and /or violations to the extent alleged in ¶ 1.

## JURISDICTION AND VENUE

2. PCA repeats its answers to the allegations in ¶ 1 as if same were set forth herein at length.

3. PCA admits the allegations in ¶ 3 for venue purposes only.

4. PCA admits the allegations in ¶ 4.

5. PCA admits the allegations in ¶ 5 upon information and belief.

## PARTIES

6. PCA repeats its answers to the allegations in ¶¶ 1-5 as if same were set forth herein at length.

7. PCA denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

8. PCA admits only that as part of its business it provides debt collection services for third-party clients and that it maintains an office at the address referenced in ¶ 8.

9. The allegations in ¶ 9 do not pertain to PCA thus an Answer is not required of it.

10. The allegations in ¶ 10 do not pertain to PCA thus an Answer is not required of it.

## COUNT ONE: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) USC § 227, ET SEQ.

11. PCA repeats its answers to the allegations in ¶¶ 1-10 as if same were set forth herein at length.

12. PCA denies the allegations in ¶ 12 as calling for a legal conclusion.

13. PCA denies the allegations in ¶ 13 as calling for a legal conclusion.

14. The TCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 14 state otherwise, they are denied.

15. PCA denies the allegations in ¶ 15 as calling for a legal conclusion.

16. PCA denies the allegations in ¶ 16 as calling for a legal conclusion.

17. PCA denies the allegations in ¶ 17 as calling for a legal conclusion.

18. PCA denies the allegations in ¶ 18 as calling for a legal conclusion.

19. PCA denies the allegations in ¶ 19 as calling for a legal conclusion.

20. PCA admits only that upon information and belief plaintiff's father became indebted and PCA was retained to collect said debt. Except as specifically admitted, the allegations in ¶ 20 are denied.

21. PCA admits the allegations in ¶ 21 upon information and belief.

22. PCA denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

23. PCA denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

24. PCA admits only that it contacted plaintiff on her telephone. Except as specifically admitted, the allegations in ¶ 24 are denied.

25. PCA denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief, which has the effect of a denial.

26. PCA admits the allegations in ¶ 26.

27. PCA admits only that it obtained plaintiff's telephone number. Except as specifically admitted, the allegations in ¶ 27 are denied.

28. PCA denies the allegations in ¶ 28.

29. PCA denies the allegations in ¶ 29 as calling for a legal conclusion.

30. PCA denies the allegations in ¶ 30.

31. PCA denies the allegations in ¶ 31 as calling for a legal conclusion.

32. PCA denies the allegations in ¶ 32 as calling for a legal conclusion.

33. PCA admits only that plaintiff did not provide her telephone number to PCA. Except as specifically admitted, the allegations in ¶ 33 are denied.

34. PCA admits only that plaintiff's father did not provide plaintiff's telephone number to PCA. Except as specifically admitted, the allegations in ¶ 34 are denied.

35. PCA denies that it needed express consent to call plaintiff and denies the balance of the allegations as calling for a legal conclusion. Except as specifically admitted, the allegations in ¶ 35 are denied.

36. PCA denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief, which has the effect of a denial.

37. PCA denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief, which has the effect of a denial.

38. PCA admits only that plaintiff did not provide her telephone number to PCA. Except as specifically admitted, the allegations in ¶ 38 are denied.

39. PCA denies that it violated the TCPA and denies the allegations in ¶ 39.

40. PCA denies the allegations in ¶ 40 as calling for a legal conclusion.

41. PCA denies the allegations in ¶ 41.

## COUNT TWO: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC § 1692(f), ET SEQ.

42. PCA repeats its answers to the allegations in ¶¶ 1-41 as if same were set forth herein at length.

43. PCA denies the allegations in ¶ 43 as calling for a legal conclusion.

44. PCA admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), that certain of its activities may be regulated by the FDCPA. Except as specifically admitted, PCA denies the allegations in ¶ 44.

45. PCA admits only that it was attempting to collect a debt owed by plaintiff's father. Except as specifically admitted, the allegations in ¶ 45 are denied.

46. PCA denies the allegations in ¶ 46 as calling for a legal conclusion.

47. PCA denies the allegations in ¶ 47 as calling for a legal conclusion.

## LIABILITY

48. PCA repeats its answers to the allegations in ¶¶ 1-47 as if same were set forth herein at length.

49. PCA denies the allegations in ¶ 49.

50. PCA denies the allegations in ¶ 50.

51. PCA denies the allegations in ¶ 51.

52. PCA denies the allegations in ¶ 52.

53. PCA denies making any mistake, and therefore denies the allegations in ¶ 53.

54. PCA denies making any mistake, and therefore denies the allegations in ¶ 54.

## DAMAGES

55. PCA repeats its answers to the allegations in ¶¶ 1-54 as if same were set forth herein at length.

56. PCA denies the allegations in ¶ 56.

57. PCA denies the allegations in ¶ 57.

58. PCA denies the allegations in ¶ 58.

59. PCA denies that plaintiff is entitled to the damages sought in ¶ 59.

60. PCA denies the allegations in ¶ 60.

61. PCA denies the allegations in ¶ 61.

62. PCA repeats its answers to the allegations in ¶¶ 1-61 as if same were set forth herein at length.

63. PCA denies the allegations in ¶ 63.

64. The allegations in ¶ 64 do not set forth an averment to which a response is required. To the extent a response is required PCA denies plaintiff is entitled to the relief sought in ¶ 64.

65. The allegations in ¶ 65 do not set forth an averment to which a response is required. To the extent a response is required PCA denies plaintiff is entitled to the relief sought in ¶ 65.

66. Paragraph 66 makes no allegations against PCA to which an Answer is required. To the extent an Answer is required PCA denies the allegations in ¶ 66.

## OTHER RELIEF

67. PCA repeats its answers to the allegations in ¶¶ 1-66 as if same were set forth herein at length.

68. PCA repeats its answers to the allegations in ¶¶ 1-67 as if same were set forth herein at length.

69. PCA denies plaintiff is entitled to the relief sought in ¶ 69.

70. PCA denies plaintiff is entitled to the relief sought in ¶ 70.

71. The allegations in ¶ 71 do not set forth an averment to which an Answer is required.

72. The allegations in ¶ 72 do not set forth an averment to which an Answer is required. To the extent an Answer is required PCA denies plaintiff is entitled to the relief sought.

73. PCA denies that plaintiff is entitled to the relief requested in the final paragraph of her Complaint, which begins "WHEREFORE."

AND NOW, in further Answer to the Complaint, Defendant Philips & Cohen Associates, Ltd. avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's Complaint fails to state a claim against PCA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of PCA, or for whom PCA is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

## FIFTH AFFIRMATIVE DEFENSE

One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

One or more of the telephone calls were not made to a wireless, i.e., cellular, telephone.

## SEVENTH AFFIRMATIVE DEFENSE

The phone calls made by PCA are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C.§ 227(b)(2)(b) & 47 C.F.R. § 64.1200(a).

## **EIGHTH AFFIRMATIVE DEFENSE**

The Hobbs Act, 28 U.S.C. § 2342, bars this Court from overruling the FCC Orders, which exempt the calls from the TCPA

WHEREFORE, Defendant Philips & Cohen & Associates, Ltd. respectfully requests that this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for PCA and for all other general and equitable relief.

Dated: May 14, 2012				Respectfully submitted

/s/ Aaron R. Easley
Aaron R. Easley, Esq. (73683)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorney for Defendant
Philips & Cohen Associates, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May 2012, a copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.

    Vicki Piontek, Esq. (83559)
    951 Allentown Road
    Lansdale, PA 19446
    Tel: (877) 737-8617
    Fax: (866) 408-6735
    Email: palaw@justice.com
    Attorney for Plaintiff
    Michelle Swetland

                                      By:   /s/ Aaron R. Easley
                                                    Aaron R. Easley, Esq.
                                                    Attorney for Defendant
                                                    Philips, Cohen & Associates, Ltd.