UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michele Swetland | : | |
| 1315 Bruce Road | : | |
| Oreland, PA  19075 | : | |
| Plaintiff | : | 12-cv-02474 |
| Vs. | : | |
| PHILIPS AND COHEN | : | |
| AND ASSOCIATES | : | |
| 1002 JUSTISON STREET | : | |
| WILMINGTON, DE 19801 | : | Jury Trial Demanded |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| XYZ Corporations, | : | |
| Defendant(s) | : | |

**PLAINTIFF'S AMENDED ANSWER TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**1. There are no genuine issues of material fact.**

Denied.  There are genuine issues of material fact.  Whether an "auto-dialer" was used by the Defendant to contact Plaintiff's cell phone is a genuine issue of material fact combined with issues of law.  The limited discovery that Defendant has provided to Plaintiff des suggest that the calls were made through a computer.  See attached exhibits, Defendant's response to Plaintiff's requests for production of documents.  In particular, Defendant's computer notes showing the calls were made through a computer and software system.

**2. Defendant's employee manually dialed Plaintiffs phone number on 12 occasions.**

Denied.  States legal and factual conclusions.  To the extent that an answer is required, the averment is denied, and strict proof is required at trial.  In discovery, Plaintiff has requested the make, model and serial number of the devise that was used by Defendant(s) to contact Plaintiff's cell phone.  Plaintiff has also requested digital pictures of the device that was used by Defendant(s) to contact Plaintiff's cell phone.  Defendant(s) refuse to provide such information.  There is currently a pending motion to compel such information.  Whether the calls were manual or automated is a material issue of law and fact, and has not been established by the limited amount of discovery that Defendant has been willing to provide so far in this case.

**3. None of the 12 calls were answered.**

Admitted.  But denied as to relevance.  None of the calls were answered.  But the Plaintiff did call back to see why Defendant(s) was calling her cell phone.  If Plaintiff had not called back, the Defendant(s)' calls may still be persisting even until today.

**4. Plaintiff cannot establish that Defendants called her using any automatic telephone dialing system or an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b )(1 )(A)(iii).**

Denied.  The limited discovery that Defendant(s) has provided to the Plaintiff does show that the calls were made through a computer and software system.  Following discovery, Plaintiff believes and avers that the evidence will show that the calls were automated calls as defined by TCPA, 47 U.S.C. § 227 et. seq.

**5. Unanswered calls are not an unfair or unconscionable means to collect or attempt to collect a debt under 15 U.S.C. § 1692f.**

Denied. Unanswered calls that violate TCPA are just as much unfair or unconscionable means to collect or attempt to collect a debt under as any other law-breaking consumer collection practice.  TCPA does not distinguish between answered and unanswered calls.  The calls were either a violation of TCPA or not.  If the calls were a TCAP violation, then they would be unfair and unconscionable under 15 USC 1692 f.

**6. Plaintiff cannot establish that she was subject to any collection efforts by the Defendants.**

Denied.  Plaintiff was an affected by pursuant to 15 USC 1692k, and therefore has standing under the FDCPA to sue for Defendant(s)' illegal  collection practices.  Any person who is affected by unlawful debt collection activity may bring suit under the FDCPA according to the language of 15 USC 1692k.  The term "any person" should be given the broadest possible meaning.  See WRIGHT v. FINANCE SERVICE OF NORWALK, INC., 22 F.3d 647, United States Court of Appeals for the 6th Circuit, 1994, Exhibit G.

Wherefore, Plaintiff requests that Defendant's motion for summary judgment be denied.

/s/ Vicki Piontek                    9-7-2012
_____       _____
Vicki Piontek, Esquire               Date of Service
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617   Fax: 866-408-6735
palaw@justice.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michele Swetland | : | |
| 1315 Bruce Road | : | |
| Oreland, PA  19075 | : | |
| Plaintiff | : | 12-cv-02474 |
| | | |
| Vs. | : | |
| PHILIPS AND COHEN | : | |
| AND ASSOCIATES | : | |
| 1002 JUSTISON STREET | : | |
| WILMINGTON, DE 19801 | : | Jury Trial Demanded |
| and | : | |
| | | |
| John Does 1-10 | : | |
| and | : | |
| XYZ Corporations, | : | |
| Defendant(s) | : | |

**CERTIFICATE OF SERVICE**

Attorney Vicki Piontek affirms that she is the attorney for the above captioned Plaintiff, and that she sent by First Class U.S. Mail, postage pre-paid a true and correct copy of the attached amended answer to motion for summary judgment  to the following parties at the following addresses.


AARON R. EASLEY, ESQUIRE

SESSIONS FISHMAN NATHAN ISRAEL LLC

200 ROUTE 31 NORTH SUITE 203

FLEMINGTON, NJ 08822


/s/ Vicki Piontek		9-7-2012

_____		_____

Vicki Piontek, Esquire		Date of Service

Attorney for Plaintiff

951 Allentown Road

Lansdale, PA  19446

877-737-8617

Fax: 866-408-6735

palaw@justice.com