UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michele Swetland | : | |
| 1315 Bruce Road | : | |
| Oreland, PA  19075 | : | |
| Plaintiff | : | 12-cv-02474 |
| Vs. | : | |
| PHILIPS AND COHEN | : | |
| AND ASSOCIATES | : | |
| 1002 JUSTISON STREET | : | |
| WILMINGTON, DE 19801 | : | Jury Trial Demanded |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| XYZ Corporations, | : | |
| Defendant(s) | : | |

**PLAINTIFF'S AMENDED BRIEF IN SUPPORT OF PLAINTIFF'S
ANSWER TO DEFENDANT(S) MOTION FOR SUMMARY JUDGMENT**

This is an action pursuant to the Telephone Consumer Protection Act, 47 USC § 227 et. seq., and the Fair Debt Collection Practices Act, 15 USC 1692 et. seq.  Plaintiff alleges that Defendant illegally called her cell phone with an automated dialer while trying to contact her deceased father or the estate in an effort to collect on a consumer debt.

Defendant(s) has filed a motion for summary judgment, claiming that the calls alleged in Plaintiff's Complaint were manual and not automated.  Such assertions are merely bald assertions not supported by any facts in the case or the discover materials.  None of the facts articulate why Defendant believes that the calls should be classified as "manual" rather than "automated."  Plaintiff states that the calls were made by a human being, and therefore should be considered manual rather than automated.  But mere human involvement does not preclude the possibility that an auto-dialer was used in the process.  Defendant(s)' own discovery responses

indicate that the calls were made through a computer and software systems. See attached exhibit D, Defendant(s)' responses to Plaintiff's requests for production of documents. And if the calls were made through a computer and software program, this increases the likelihood that the calls were automated as defined by TCPA. Even if there was some human involvement in making the calls, the real questions is who did the dialing? The human, or the computer? Did the human merely click on a mouse button, or strike a computer key in order to tell the computer to make the call?

In Griffith v. Consumer Portfolio Service (Exhibit E), the Court found that the debt collector did use an automated dialer within the meaning of TCPA, even though there was also human involvement in the calling process. The Court looked at the speed and efficiency of the computer mechanism to determine of the calls were automated or not. Griffith v. Consumer Portfolio Service, Inc., United Stated District Court for the Northern District of Illinois, Docket Number 10 C 2697.

Furthermore, Defendant(s) has refused to cooperate in Plaintiff's requests to depose the individual collectors who made the calls. Defendant also has refused to provide the following discovery items which Plaintiff asked for in Plaintiff's interrogatories and requests for production of documents. Such refusals only casts doubt on Defendant(s) bald assertions that the calls were manual and not automated. See Plaintiff's discovery Requests and Defendant's responses thereto, Exhibits A-D.

    a. Defendant(s) refuses to provide the make and model of the equipment that was used by Defendant(s) to contact Plaintiff's cellular telephone, thereby thwarting Plaintiff's

efforts to determine if Defendant used an "autodialer" or other prohibited device to contact Plaintiff's cellular telephone.

b. Defendant refuses to provide digital pictures of the equipment that was used by Defendant(s) to contact Plaintiff's cellular telephone, thereby thwarting Plaintiff's efforts to determine if Defendant used an "autodialer" or other prohibited device to contact Plaintiff's cellular telephone.

c. Defendant(s) have refused to provide Copies of any and all documents, emails, faxes or electronically stored information pertaining to the account(s) which is the subject of this action. Instead, the Defendant(s) has produced only account notes only. Such refusal has thwarted Plaintiff's attempts to establish that the account which is the subject of this action is a consumer account for purposes of the FDCPA.

Central to this case is the issue of whether Defendant(s) used a "predictive dialer," "autodialer" , "automatic dialing system" or similar term as defined by the Telephone Consumer Protection Act, administrative regulation as well as case law.   Plaintiff believes and avers that Defendant(s) did employ a "predictive dialer," "autodialer," "automatic dialing system" or similar term.   This issue can only be resolved by means of discovery.

In order to understand the definition of an "autodialer," "automatic dialing system,"  or similar term, one has to turn to the statute, 47 USC § 227 et. seq., as well as case law and administrative regulation.  See Griffith v. Consumer Portfolio Service, Inc., United Stated District Court for the Northern District of Illinois, Docket Number 10 C 2697, Exhibit E, and

also <u>In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 17 FCC Rcd 17459, 17473-476 (September 18, 2002), Exhibit F.

Predictive dialers, autodialers, automated dialing systems and similarly defined machines are governed by the TCPA because they have the capacity to dial numbers "without human intervention." Even if directed to do so by a human being, the person does not do the dialing. The machine does. Also relevant to the definition of a "predictive dialer," "autodialer" or "automatic dialing system" is the issue of whether the particular machine used by the entity making the call has the ability to make calls at a very rapid rate, much faster than the average human being could make the call. See Griffith v. Consumer Portfolio Service, Inc., United Stated District Court for the Northern District of Illinois, Docket Number 10 C 2697, Exhibit A, and also <u>In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, 17 FCC Rcd 17459, 17473-476 (September 18, 2002), Exhibit B.

Defendant has produced certain documents in discovery which indicate that Plaintiff's cellular telephone number was stored in Defendant(s)' computer database. The documents indicate that the calls were managed by Defendant(s)' computer system. Defendant's own records indicate that Defendant(s)' computer and software program had a tickler system whereby the collector was prompted to call Plaintiff at particular dates and times. When it came time for Defendant(s)' collector(s) to call Plaintiff, presumably, this could be easily done without the need for the collector to manually dial Plaintiff's number. Presumably, the collector would simply have to hit a few computer keys or click with a mouse, and then the computer would dial the number. So we know that the calls were computer assisted, and made through the use of a computer somehow. But we do not know exactly how the calls were made because Defendant

refuses to answer Plaintiff's discovery requests.  Defendant(s) refuses to provide the names of the individual collectors who used the machine to call Plaintiff's cellular telephone number, and Defendant(s) refuse to provide certain other basic information such as the make and model of the equipment used to contact Plaintiff.  Defendant also refuses to provide digital photographs of the equipment.  Defendant(s)' refusals to provide such information only cast doubt on Defendant's bald assertions and legal inferences and conclusions that the calls should be classified as "manual" rather than "automated."

Defendant has attached and affidavit from one Robert Obringer.  The affidavit states that 12 calls were made by Defendant(s) to Plaintiff's cell phone.  There are the same 12 calls that are identified in the discovery materials.  The affidavit goes on to say that the calls were manual and not automated.  Yet no explanation is made by Mr. Obringer as to how or why the calls should be classified as "manual" instead of "automated."  Mr. Obringer is simply drawing a legal inference or conclusions, and then stops there.  Mr. Obringer does not provide a detailed explanation as to the method by which the calls were made.  Furthermore, Mr. Obringer is an attorney for Defendant(s).  Nothing in Defendant(s)' discovery materials, motion for summary judgment, affidavit or brief indicates that Mr. Obringer has ever used the equipment, or that he is completely familiar with how the equipment works.  He simply asserts that the calls that were made through the computer were manual and not automated, and stops there.

Also relevant to this case is whether the account that Defendant(s) called Plaintiff's cellular telephone about was a consumer account, and whether Plaintiff was acting as a "debt" collector within the meaning of the Fair Debt Collection Practices Act, 15 USC 1692 et. seq.

when the calls were made.  Assuming that Defendant(s) was acting as a debt collector as defined by the FDCPA, and the account was a consumer account as defined by the FDCPA and assuming that Defendant(s) did in fact violate TCPA, then the FDCPA would also have been violated.  15 USC 1692f prohibits any law breaking activity by a debt collector attempting to collect on a consumer debt.

Defendant contends that Plaintiff has no standing to sue since the alleged debt that was the subject of the calls was Plaintiff's deceased fathers, and not Plaintiff's.  Plaintiff would have standing to sue under 15 USC 1692k of the FDCPA.  Any person who is affected by unlawful debt collection activity may bring suit under the FDCPA according to the language of 15 USC 1692k.  The term "any person" should be given the broadest possible meaning.  See WRIGHT v. FINANCE SERVICE OF NORWALK, INC., 22 F.3d 647, United States Court of Appeals for the 6th Circuit, 1994, Exhibit G.

For the forego reasons, Plaintiff requests that Defendant(s)' motion for summary judgment be denied.


/s/ Vicki Piontek		9-7-2012
_____		_____
Vicki Piontek, Esquire		Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
palaw@justice.com
877-737-8617
Fax: 866-408-6735

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michele Swetland | : | |
| 1315 Bruce Road | : | |
| Oreland, PA  19075 | : | |
| Plaintiff | : | 12-cv-02474 |
| Vs. | : | |
| PHILIPS AND COHEN | : | |
| AND ASSOCIATES | : | |
| 1002 JUSTISON STREET | : | |
| WILMINGTON, DE 19801 | : | Jury Trial Demanded |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| XYZ Corporations, | : | |
| Defendant(s) | : | |

**CERTIFICATE OF SERVICE**

Attorney Vicki Piontek affirms that she is the attorney for the above captioned Plaintiff, and that she sent by First Class U.S. Mail, postage pre-paid a true and correct copy of the attached amended brief  to the following parties at the following addresses.


AARON R. EASLEY, ESQUIRE
SESSIONS FISHMAN NATHAN ISRAEL LLC
200 ROUTE 31 NORTH, SUITE 203
FLEMINGTON, NJ 08822



/s/ Vicki Piontek		9-7-2012
_____	_____
Vicki Piontek, Esquire		Date of Service
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735