UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE SWETLAND, <br><br> Plaintiff(s), <br> v. <br><br> PHILLIPS & COHEN AND ASSOCIATES, <br><br> Defendant(s). | CIVIL ACTION NO.: 2:12-CV-02474-GP |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT PHILLIPS & COHEN AND ASSOCIATES, LTD.'S
MOTION FOR SUMMARY JUDGMENT**

I.   **INTRODUCTION**

While the Court has given preliminary indications that the Defendant's motion as to the TCPA would be denied as premature, and would confine its analysis to the FDCPA claim, because Plaintiff has addressed the merits of both claims, Defendant responds briefly to issues raised by Plaintiff in her answer to Defendant's Motion for Summary Judgment.

1.   **There are no genuine issues of material fact.**

Plaintiff asserts that there is no evidence here that the calls were manually dialed, but that is simply not the case. The declaration of Robert Obringer states this expressly – "a PCA employee identified as JAdamsH manually called" Plaintiff's phone number. Declaration of Obringer ¶ 8. Plaintiff asserts what amounts to nothing more than metaphysical doubt over the meaning of what "manually called" means.  Plaintiff offers neither any evidence nor argument that the Defendant's employee was not a human being

1

or that 'manually called' means anything other than what it says – after all, the definition of 'manual' is "worked or done by hand and not by machine." Merriam Webster Online Dictionary, http://www.merriam-webster.com/dictionary/manual.

### 2. Defendant's employee manually dialed Plaintiffs phone number on 12 occasions.

Defendant's motion asserts that the calls here were manually dialed, and manually dialing a phone is not within the scope of the TCPA. Doc. No. 11-1, pp. 5-6. See also *Mudgett v. Navy Federal Credit Union*, No. No. 11–C–0039, 2012 WL 870758, *1 (E.D.Wis. March 13, 2012)(granting summary judgment in favor of Defendant where facts showed the calls were manually dialed); *Dobbin v. Wells Fargo Auto Finance, Inc.*, No. 10 C 268, 2011 WL 2446566, *4 (N.D.Ill. June 14, 2011)(same).

Plaintiff appears to advance the argument that manually dialing a phone is prohibited by the TCPA, but that is not the case. The TCPA restriction at issue in this matter, 47 U.S.C. § 227(b)(1)(A)(iii), relates to making calls "using an automatic telephone dialing system" ("ATDS"), and defines an ATDS in 47 U.S.C. § 227(a)(1), as "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."

Neither the FCC nor any Courts have determined that a human being, manually dialing a telephone, constitutes an ATDS. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14093 (June 26, 2003). Instead, the FCC explained in its 2003 TCPA Order that whether or not the equipment used actually dials phone numbers randomly or sequentially, it still constitutes

and ATDS if it has that capacity and the equipment, aided by software dials the number without human intervention:

> [A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers. . . [i]n most cases, telemarketers program the numbers to be called into the equipment, and the dialer calls them at rate to ensure that when a consumer answers the phone, a sales person is available to take the call.

See 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131. See also *In The Matter Of Rules And Regulations Implementing The Telephone Consumer Protection Act Of 1991*  23 F.C.C.R. 559, 567 (F.C.C.), 2008 WL 65485  (2008).

The *only* case relied on by Plaintiff in opposition to Defendant's motion is *Griffith v. Consumer Portfolio Service, Inc.*, 838 F.Supp.2d 723 (N.D. Ill. 2011), which is factually off point.  The issue in *Griffith* was not whether a human being manually dialing a phone constitutes and ADTS.  Instead, as described by the court, *Griffith* was concerned with whether the dialing equipment used to call plaintiff was an ATDS:

> The dialer determines whether a call is answered by a customer, and if so, routes the call back to CPS's computer system, which forwards the call to an available collector. (Def.'s Stmt. ¶ 16.) The customer's account information appears on the collector's computer screen as he or she receives the call. While speaking with the customer, the collector enters data into the Customer Information File in the Collections System. (Id. at ¶17.) After the dialing campaign is completed, the Collections System prepares reports on the results of the dialing campaign.

Doc. No. 15-5, pp. 3-4. Predictably, consistent with the FCC Ruling, the *Griffith* Court found these facts showed that the Defendant's system was an ATDS because it

"automatically dials numbers stored in the Logical View File and routes answered calls to available collectors." *Id*. at p. 9.

*Griffith* is beside the point. Unlike the calls in *Griffith*, the calls here were all made manually, with a collector dialing a telephone; there was no dialing system that automatically dialed plaintiff's number.

### 3.     None of the 12 calls were answered.

Plaintiff admits none of the calls were answered. Doc. no. 17, p. 2, ¶ 3. The TCPA restriction appearing in 47 U.S.C. § 227(b)(1)(A)(iii) also includes the making of any call using "an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A). The fact that the calls were not answered obviates any possibility that the calls were made using an artificial or prerecorded voice. *See e.g., Ortega v. Collectors Training Inst. of Ill.*, 2011 WL 241948, at *8 (S.D.Fla. Jan. 21.2011) (refusing to grant summary judgment when the plaintiff heard a "robot voice" on the phone).

### 4.     Unanswered calls are not an unfair or unconscionable means to collect or attempt to collect a debt under 15 U.S.C. § 1692f.

There can be no genuine issue that Defendant did not engage in any unfair or unconscionable means to collect or attempt to collect any debt in violation of the FDCPA, because none of the calls that were placed were answered by Plaintiff.

Plaintiff's FDCPA claim is entirely derivative of the TCPA claim ("[i]f the calls were a TCAP [sic] violation, then they would be unfair and unconscionable under 15 USC 1692 f," doc. no. 17, ¶ 5). Plaintiff's attempted construction of the general language of 15 U.S.C. § 1692f violates settled law; the FDCPA is not a bootstrap enforcement

4

mechanism for other state or federal laws, and does not regulate calling cellular numbers. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007)("[§ 1692f] does not so much as hint at being an enforcement mechanism for other rules of state and federal law. This is not a piggyback jurisdiction clause."); *Ostrander v. Accelerated Receivables*, 2009 WL 909646, 6 (W.D.N.Y. 2009)("the section of the FDCPA to which … [Plaintiff] refers [15 U.S.C. § 1692f(8)] prohibits the use of collect telephone calls and charging of telegram fees, not the use of cellular telephones.")

Further, Plaintiff's construction contravenes several canons of statutory construction: first, because the TCPA specifically governs autodialing cellular numbers, applying the general prohibition in § 1692f to such calls would violate the general-specific canon. *RadLAX Gateway Hotel, LLC v. Amalgamated Bank,* 132 S.Ct. 2065, 2071 (2012)("'[I]t is a commonplace of statutory construction that the specific governs the general.'")(quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)); *Bulova Watch Co. v. U.S.*, 365 U.S. 753, 758 (1961)("a specific statute controls over a general one 'without regard to priority of enactment.'")(quoting *Townsend v. Little*, 109 U.S. 504, 512 (1883)); *Ki Se Lee v. Ashcroft*, 368 F.3d 218 (3d Cir. 2004).

Second, it contravenes the canon that "a precisely drawn, detailed statute pre-empts more general remedies." *Brown v. General Services Administration*, 425 U.S. 820, 834 (1976); *Hinck v. U.S.*, 550 U.S. 501, 506 (2007).

Third, it would require the Court read language into section 1692f that does not appear in the text of the statute. Doc. No. 11-1, p. 8, n. 2. Finally, it would render

superfluous or nullify the language contained in the text of the FDCPA. *Kokoszka v. Belford* 417 U.S. 642, 650 (1974).

Because the TCPA governs the specific practice of calling with an ATDS, that claim stands and falls on its own, and the FDCPA cannot be used to bolster Plaintiff's TCPA claim. Further, Plaintiff's claim under 15 U.S.C. § 1692f fails independent of the TCPA claim because unanswered calls are not communications subject to the FDCPA, and are not abusive or harassing. Doc. No. 11-1, pp. 8-10.

**5.     Plaintiff cannot establish that she was subject to any collection efforts by the Defendants.**

Plaintiff argues that she has standing to sue, pointing to *Wright v. Financial Services of Norwalk*. Doc. No. 17, p. 2; doc. no. 18, p. 6. *Wright v. Financial Services of Norwalk* addressed the issue of whether an estate executrix had standing to sue under the FDCPA for alleged violations of 15 U.S.C. § 1692e that were contained in several collection letters. *Wright* did not address the issue of whether unanswered calls constituted collection efforts sufficient to establish standing to sue.

The standing doctrine is comprised of two components – a constitutional and a prudential element. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). When Congress uses "any person aggrieved" language in a federal statute creating a cause of action, it is understood that standing is given to any person who can satisfy the tripartite constitutional test, but, there is an additional prudential requirement that must also be met - the person must be within the zone of interests the statute was intended to protect. *Thompson v. North American Stainless, LP*, 131 S.Ct. 863, 870 (2011). "The [zone of

interest] test forecloses suit only when a plaintiff's 'interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit.'" *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S.Ct. 2199, 2210 (2012)(quoting *Clarke v. Securities Industry Assn.*, 479 U.S. 388, 399 (1987)).

In order to satisfy the zone of interest test under the FDCPA, with respect to the Plaintiff, the Defendant must have failed to comply with a provision of the Act. 15 U.S.C. § 1692k.  In order to come within the scope of 15 U.S.C. § 1692f, the Defendant further must have "use[d] unfair or unconscionable means to collect or attempt to collect any debt." See e.g. *Muir v. Navy Federal Credit Union*, 529 F.3d 1100, 1107, 381 U.S.App.D.C. 396, 403 (D.C. Cir. 2008), on remand, *Muir v. Navy Federal Credit Union,* 783 F.Supp.2d 19, 22 (D.D.C. 2010).

Defendant has shown that unanswered calls are not a means to collect or attempt to collect any debt, because they are not communications which contain a demand for payment. Doc. No. 11-1, pp. 8-11. "[F]or purposes of the violations asserted by plaintiffs, only communications 'in connection with the collection of any debt' fall under the ambit of the Act." *Cole v. Toll,* 2007 WL 4105382, 5 (E.D.Pa. Nov. 16, 2007).

Because Plaintiff has conceded that none of the calls made by the Defendant were answered, it should readily appear that there were never any communications or demands for payment made to Plaintiff by the Defendant. As such, Plaintiff is not within the zone of interests the FDCPA was intended to protect, and therefore lacks standing to pursue this claim.

## II. CONCLUSION

For all the foregoing reasons, Defendant respectfully prays that the Court find there are no genuine issues of material fact, that Defendant is entitled to judgment as a matter of law, and dismiss this action.

Dated: September 14, 2012                                   Respectfully submitted

/s/ Aaron R. Easley
Aaron R. Easley, Esq. (73683)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorney for Defendant
Philips & Cohen Associates, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September 2012, I caused a true and correct copy of the foregoing Reply in in Support of Defendant Phillips & Cohen Associates, Ltd.'s Motion for Summary Judgment to be filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.

Vicki Piontek, Esq. (83559)
951 Allentown Road
Lansdale, PA 19446
Tel: (877) 737-8617
Fax: (866) 408-6735
Email: palaw@justice.com
Attorney for Plaintiff
Michelle Swetland

By: /s/ Aaron R. Easley
Aaron R. Easley, Esq.
Attorney for Defendant
Philips & Cohen Associates, Ltd.